# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, MORAN,[1] and CAMPANELLA
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant TARENCE C. DIXON**
**United States Army, Appellant**

ARMY 20120473

Headquarters, XVIII Airborne Corps and Fort Bragg
G. Brett Batdorff, Military Judge
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Jonathan F. Potter, JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L Varley, JA; Major Elisabeth A. Claus, JA; Captain Timothy C. Erickson, JA (on brief).

31 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for 120 days, and reduction to the grade of E-1. The convening authority approved the sentence and credited appellant with 246 days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant's sole assignment of error warrants discussion but no relief. Appellant alleges his sentence is inappropriately severe because he served more time in pretrial confinement than the maximum authorized period of confinement for his sole conviction and because his conduct was an isolated incident.

---

[1] Judge MORAN took final action on this case while on active duty.

## BACKGROUND

*Appellant's Misconduct*

In the summer of 2011, a woman, CS, spent a night at appellant's home. Appellant and CS had previously had a romantic relationship that had ended earlier that summer. The next morning, appellant returned from physical training in an angry mood. Appellant and CS began arguing. Eventually, CS tried to make a phone call to a friend because she was scared of appellant. She could not make the call because appellant snatched the phone out of her hand.

During the argument, appellant punched a hole in the wall, shocking CS. She did not try to fight him back. Appellant then put his hands around CS's neck, squeezed, and choked her. CS suffers from asthma and had trouble breathing. The two continued to argue. Appellant pushed CS and then threw a Gatorade bottle at CS's face, injuring her. The assault lasted between thirty and forty-five minutes, during which appellant would not let CS leave.

CS testified that she was in pain for three to four days after the assault, while the markings on her neck from the choking remained for approximately two months. She also testified that she became anti-social, defensive, and went months without talking to people. She also became more aggressive toward men, including her family members and had difficulty eating and sleeping and had nightmares. She testified that some of these effects continued up to the sentencing hearing and that she had trouble trusting men anymore.

*Appellant's Pretrial Confinement and Trial*

In October 2011, appellant's commander preferred numerous charges and specifications against appellant. Appellant, who is HIV-positive, was charged with three specifications of willfully disobeying orders to inform sexual partners about his HIV status and to use a condom, in violation of Article 90. He was also charged with wrongfully using spice under two theories: by violating a lawful general regulation, in violation of Article 92 and by wrongfully using a Schedule 1 controlled substance, in violation of Article 112a. Appellant was also charged with five specifications of aggravated assault, in violation of Article 128, for having sexual intercourse while HIV-positive. Finally, appellant was charged with assault consummated by battery for assaulting CS. Except for the assault of CS, appellant was either acquitted of the other offenses or the government dismissed those offenses.

Appellant was in pretrial confinement from 2 September 2011 until 3 October 2011. He subsequently re-entered pretrial confinement from 14 October 2011 until he was sentenced on 15 May 2012. The convening authority credited appellant with 246 days of confinement credit at action.

At trial, appellant presented evidence of his good military career and that he was a man who values education and his family. Appellant's unsworn statement noted, *inter alia*, his difficult childhood, his burden of being HIV-positive, and his remorse for his misconduct.

## LAW AND DISCUSSION

This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." UCMJ art. 66(c). Determining sentence appropriateness is a function of this court's duty to do justice. *United States v. Healy*, 26 M.J. 394, 395-396 (C.M.A. 1988). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *Id.* at 395. This is distinguished from clemency which "involves bestowing mercy." *Id.* "Generally, sentence appropriateness should be judged by 'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

A threshold issue is whether appellant's sentence is inappropriate in light of appellant's 246 days of confinement credit, which is longer than the authorized maximum confinement of six months permitted for assault consummated by battery. *See Manual for Courts-Martial, United States* (2008 ed.), Part IV, ¶ 54.e.(2). We note "there is no legal requirement that appellant be given credit for his pretrial confinement." *United States v. Smith*, 56 M.J. 290, 293 (C.A.A.F. 2002). Our superior court has "never held that pretrial confinement which exceeds an adjudged sentence is per se prejudicial." *United States v. Danylo*, 73 M.J. 183, 188 (C.A.A.F. 2014) (citing *Bell v. Wolfish*, 441 U.S. 520, 539 (1979) (holding that, when "reasonably related to a legitimate governmental objective," pretrial detention is not "punishment") (internal quotation marks omitted)). Appellant does not on appeal contend that his pretrial confinement violated his speedy trial rights or was otherwise illegal or punitive in nature. *See* UCMJ arts. 10, 13, 55. However, we will consider this pretrial confinement, as part of the entire record, in determining the appropriateness of appellant's sentence.

Appellant argues that his assault against CS was an isolated incident. Appellant notes the evidence showing that he was a good student, despite a difficult

childhood.  Appellant also notes that he had never previously been subject to adverse action before as a soldier.

However, an isolated criminal act is still a criminal act.  Appellant seriously assaulted CS, causing her physical, emotional, and psychological injury.  The impact and surrounding circumstances of this assault on CS were strong aggravation evidence.  Additionally, we find legitimate, non-punitive reasons for appellant's pretrial confinement, not least being the reasonable grounds that justified pretrial confinement in the first place.[2]  *See* Rule for Courts-Martial 305(h)(2)(B).  In this case, the sentence is appropriate.

## CONCLUSION

On consideration of the entire record and the assigned error, we find the findings of guilty and the sentence as approved by the convening authority correct in law and fact.  Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

---

[2] The military magistrate determined that it was likely that appellant would commit future serious misconduct and less severe forms of restraint were inadequate.

4