Judge CRAWFORD
delivered the opinion of the Court.
Contrary to his pleas, Appellant was convicted at a general court-martial by a military judge of wrongful use of ecstasy, distribution of ecstasy, introducing ecstasy onto a military installation, obstruction of justice, and an attempted disobedience of a no-contact order, in violation of Articles 112a, 134, and 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 934, 880 (2000). The convening authority approved the sentence of a bad-conduct discharge and fifteen months of confinement. The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Lazauskas, No. ACM 34934, 2004 WL 1932864, 2004 CCA LEXIS 199 (AF.Ct. Crim.App. Aug. 19, 2004).
We granted review of the following issue:
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY RULING THAT THE GOVERNMENT DID NOT VIOLATE APPELLANTS RIGHT TO SPEEDY TRIAL UNDER R.C.M. 707. MORE SPECIFICALLY, (1) CAN AN INVESTIGATING OFFICER APPROVE PRETRIAL DELAY TO BE EXCLUDED UNDER R.C.M. 707? (2) CAN A COURT OF CRIMINAL APPEALS DETERMINE AN EXCLUSION OF DELAY FOR PURPOSES OF R.C.M. 707 AFTER THE FACT IF THERE HAD BEEN NO PRETRIAL APPROVAL UNDER R.C.M. 707? AND (3) WAS THE HOLDING OF THE COURT OF CRIMINAL APPEALS THAT TWO DELAYS WERE EXCLUDABLE UNDER R.C.M. 707 LEGAL ERROR?
For the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.
FACTS
In March 2001, a confidential informant reported to the law enforcement officials at Lackland Air Force Base that Appellant was selling and using ecstasy. After the controlled purchase of ecstasy by the confidential informer, follow-up inquiries led to the discovery of a number of witnesses who stated that Appellant used drugs in February, March, April, and May 2001, at various times both on and off the installation.
At his arraignment, Appellant made a motion to dismiss the charges against him based on a violation of his right to speedy trial under Rule for Courts-Martial (R.C.M.) 707,[1] Article 10, UCMJ, 10 U.S.C. § 810 (2000), and the Sixth Amendment. The military judge denied his motion on all grounds. In making his ruling under R.C.M. 707, the military judge found a total of fifty-eight days retroactively excludable with no objection from the defense, leaving 131 days accountable to the Government. The military judge also found, over defense objection, that three additional periods of time were excludable. Thus, the military judge determined that the Government was excluded from accountability for a total of seventy-two days out of the 189-day delay and was therefore left accountable for a total delay of 117 days, which was within the R.C.M. 707 allowable limit of 120 days. Two of those periods (totaling eleven days) are at issue here:
1. August 8-13 — delay of first Article 32, UCMJ, hearing to secure two missing witnesses.
2. October 6-10 — statutory waiting period under Article 35, UCMJ, 10 U.S.C. § 835.
August 8-13, 2001. The first period of time in dispute is a six-day continuance allowed during an Article 32 hearing. The convening authority appointed an investigating officer for the Article 32 hearing, and in the Appointment Memorandum stated the officer was “delegated the authority to grant any reasonably requested delays of the Article 32 investigation.” Two days prior to the date originally scheduled for the Article 32 hearing, the Government representative pro *41 vided the military defense counsel with a list of eight witnesses the Government expected to testify at the Article 32 hearing. There is no evidence of a defense request for witnesses. One day prior to the original date for the hearing, Appellant’s newly hired civilian attorney requested, and received, a delay in the proceedings until August 7, 2001. At the Article 32 hearing, six of these witnesses testified; however, two witnesses were on leave. The defense then requested the witnesses and objected to taking their testimony over the telephone. Based on the defense objection, the Article 32 investigating officer delayed the hearing until August 13, 2001, to procure their live testimony. Even after the second hearing, the Government did not disclose the identity of the confidential informant and the defense objected to the Article 32 investigation because of the nondisclosure. The Article 32 investigating officer did not attempt to exclude August 8-13 from Government accountability but left it to the convening authority.
October 6-10, 2001. The second period of time in question is the five-day period from the service of referred charges until the expiration of the Article 35, UCMJ, waiting period. Charges were served on Appellant on October 5, and on that date, both the trial counsel and defense counsel agreed on a trial date of November 15, 2001. Appellant contests the exclusion of the five-day period between October 6-10 from R.C.M. 707 accountability because the Article 35 five-day waiting period would have prohibited the Government from bringing him to trial during that time.
DISCUSSION
There are many sources of the service-member’s right to a speedy trial, namely, the Sixth Amendment, the Due Process Clause of the Fifth Amendment, Article 10 and Article 33, UCMJ, 10 U.S.C. §§ 810 and 833, and R.C.M. 707. See, e.g., United States v. Reed, 41 M.J. 449, 450 (C.A.A.F.1995). The issue in this case centers on the 120-day procedurally-based rule set forth in R.C.M. 707. This rule provides that the “accused shall be brought to trial within 120 days after the earlier of: (1) preferral of charges, (2) the imposition of restraint ..., or (3) entry on active duty____” In this case, the triggering date for the 120-day rule was the imposition of pretrial confinement on May 10, 2001. The charges were preferred on July 17, 2001. If the times in dispute are excludable, then Appellant was brought to trial within 120 days.
“Prior to referral [of charges], all requests for pretrial delay ... will be submitted to the convening authority or, ... to a military judge____” R.C.M. 707(c)(1). “After referral, such requests for pretrial delay will be submitted to the military judge for resolution.” Id.
As noted in United States v. Dies, 45 M.J. 376, 377-78 (C.A.A.F.1996), the current version of R.C.M. 707 focuses on whether a period of time is excludable because a delay has been granted, which is in contrast to the prior version that focused on a determination as to which party was responsible for the delay. Under R.C.M. 707(c), all pretrial delays approved by the convening authority are excludable so long as approving them was not an abuse of the convening authority’s discretion. It does not matter which party is responsible.
The discussion pertaining to this rule provides: “Prior to referral, the convening authority may delegate the authority to grant continuances to an Article 32 investigating officer.” R.C.M. 707(a)(1) discussion.
Additionally, where, as here, the convening authority has delegated to an investigating officer the “authority to grant any reasonably requested delays of the Article 32 investigation,” then any delays approved by the Article 32 investigating officer also are excludable.
Thus, when an investigating officer has been delegated authority to grant delays, the period covered by the delay is excludable from the 120-day period under R.C.M. 707. If the issue of speedy tidal under R.C.M. 707 is raised before the military judge at trial, the issue is not which party is responsible for the delay but whether the decision of the officer granting the delay was an abuse of *42 discretion. The resolution under R.C.M. 707 does not preclude a party from asserting responsibility for delay under Article 10, UCMJ, or the Constitution. It simply means that in the absence of an abuse of discretion by the officer granting the delay, there is no violation of R.C.M. 707.
The military judge did not abuse his discretion in excluding the two periods in this ease. The first period of time involved the delay to obtain the personal testimony of two witnesses who were on leave because the defense objected to taking their testimony over the telephone. R.C.M. 405(g)(1)(A) provides that the parties are entitled to the presence of witnesses who have relevant testimony and the evidence is “not cumulative.” However, R.C.M. 405(g)(4)(B) provides that the investigating officer may take sworn statements of unavailable witnesses over the telephone. The first period of time involved the delay to obtain the personal testimony of two witnesses who were on leave. The investigating officer, under the authority delegated to him by the convening authority, granted the delay. As to this period, the military judge found that:
[A]t some point during the Article 32 hearing, the defense learned that several witnesses it believed the government would be calling live were actually going to be called telephonically. The defense objected to their being called telephonically and the Article 32 hearing was delayed so that the defense could question them when they were personally available which was on 13 August 2001.
We hold that the military judge did not abuse his discretion in excluding this delay.
As to the second period of time, following the referral of charges but before service of that referral, the Government told the military judge that both parties agreed to a trial date of November 15. On October 5, the same day that charges were served, the military judge set the trial date as requested by the parties. The delay was thereby approved by the military judge, following referral of the charges. Under R.C.M. 707(c)(1), the military judge is the proper authority to approve a delay under those circumstances. Included in that delay was the five-day period from the service of the referred charges until the expiration of the Article 35 waiting period.
Article 35 provides that the accused may not be brought to trial within five days of service of charges against his objection. The accused did not raise any Article 35 objection at the trial level. This Court has stated:
The purpose of Article 35 is to protect an accused from receiving such a speedy trial that the defense has inadequate opportunity to prepare.... Thus, Article 35 provides a shield with which an accused may prevent too speedy a trial, not a sword with which an accused may attack the Government for failing to bring him to trial sooner.
United States v. Cherok, 22 M.J. 438, 440 (C.M.A.1986).
Because the five-day Article 35 period was neither requested nor necessary in this case to protect the accused, we find that the military judge did not abuse his discretion in approving this delay.
As there was no abuse of discretion in the approval of these two delays, we agree with the lower court that these two time periods were excludable, and therefore we affirm the decision of the United States Air Force Court of Criminal Appeals.

. The current versions of all provisions cited are identical to the ones in effect at the time of Appellant’s court-martial, unless otherwise indicated.