*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————

**UNITED STATES**
Appellee

**v.**

**Carlton WILDER Jr., Lance Corporal**
United States Marine Corps, Appellant

**No. 15-0087**
Crim. App. No. 201400118

Argued October 6, 2015—Decided March 7, 2016

Military Judges: C. M. Greer, Nicole K. Hudspeth,
and D. M. McConnell

For Appellant: *Captain Bree A. Ermentrout*, JAGC, USN
(argued).

For Appellee: *Lieutenant James M. Belforti*, JAGC, USN
(argued); *Colonel Mark k. Jamison*, USMC, *Captain Matthew M. Harris*, USMC, and *Brian K. Keller*, Esq. (on brief).

———————

Judge RYAN delivered the opinion of the Court, in which Chief Judge ERDMANN, Judges STUCKY and OHLSON, and Judge DIAZ, joined.[1]

Judge RYAN delivered the opinion of the Court.

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas, of one specification of attempted sexual assault of two unknown children, one specification of distributing child pornography, one specification of possessing child pornography, and one specification of distributing a lewd photo (a picture of his penis) to a minor, violations of Articles 80 and 134, UCMJ, 10 U.S.C. §§ 880, 934 (2012). Appellant was sentenced to thirteen years and four months of confinement, forfeiture of all pay and al-

———————

[1] Judge Albert Diaz, of the United States Court of Appeals for the Fourth Circuit, sat by designation, pursuant to Article 142(f), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(f) (2012).

lowances, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement, the convening authority agreed to suspend confinement in excess of eighty-four months. The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed the findings and the sentence. *United States v. Wilder*, No. 201400118, 2014 CCA LEXIS 571, at \*15, 2014 WL 3939963, at \*6 (N-M. Ct. Crim. App. Aug. 12, 2014) (unpublished).

We granted review of the following issue:

> Whether the promulgation of R.C.M. 707 abrogated the "substantial information" rule originated in *United States v. Johnson*, 23 C.M.A. 91, 48 C.M.R. 599 (1974).[2]

We hold that when assessing a speedy trial violation alleged under Rule for Courts-Martial (R.C.M.) 707, the speedy trial clock commences only when one of the events listed in R.C.M. 707(a) — in this case preferral of the Additional Charges — takes place.

## I. FACTS

On November 8, 2012, Appellant, who was stationed in Camp Lejeune, North Carolina, posted an advertisement on Craigslist seeking a "dirty taboo couple." A Naval Criminal Investigative Service (NCIS) undercover agent responded, posing as a mother of four-year-old and seven-year-old daughters. Appellant offered to pay for images and clothing of the two daughters and to engage in sexual acts with them. The agent agreed and arranged a meeting between Appellant and the agent's "husband," who was also an undercover agent. On November 13, 2012, Appellant met with the agent, whom Appellant believed was the father of the daughters he had arranged to have sex with, in a parking lot in order to exchange money for the images, clothing, and sex. The agent and Appellant then drove to the "husband's" fictional residence so that Appellant could engage in sexual activity with the "daughters." Upon arrival, Appellant was arrested.

Appellant was placed into pretrial confinement on November 14, 2012, *Wilder*, 2014 CCA LEXIS 571, at \*3–4,

---

[2] *Johnson* held that delay for purposes of Article 10, UCMJ, 10 U.S.C. § 810, should be measured from the time the government possessed "substantial information" relating to the offense. 23 C.M.A. at 93, 48 C.M.R. at 601.

2014 WL 3939963, at \*2, and the Government preferred charges, inter alia, of attempted sexual acts with a child and distribution of child pornography (original charges) on December 4, 2012. Appellant was arraigned on the original charges on April 23, 2013.[3]

During his post-arrest interrogation, Appellant admitted to various other criminal activities, including possession of child pornography and communicating with fifteen-year-old R. R., whom he met at an ROTC briefing, and sending her a picture of his penis. NCIS agents continued to investigate these activities.

On April 16, 2013, the Government preferred Additional Charges I and II, which consisted of one charge of indecent exposure based on Appellant's communications with R. R., charged as a violation of Article 120, UCMJ,[4] and one charge of possession of child pornography. On July 17, 2013, the Government preferred Additional Charge III for unlawful distribution of harmful material to a minor. Appellant was arraigned on Additional Charges I–III on August 5, 2013. One hundred and eleven days elapsed between the preferral of Additional Charges I and II and arraignment, and nineteen days elapsed between preferral of the Additional Charge III and arraignment. Appellant remained in pretrial confinement based on the original charges during this time.[5]

Appellant filed a motion to dismiss all of the Additional Charges based on speedy trial violations of R.C.M. 707, Arti-

---

[3] Although 160 days passed between preferral and arraignment, Appellant did not allege a speedy trial violation based on the original charges because he had requested continuances of the Article 32, UCMJ, 10 U.S.C. § 832 (2012), hearing in January and February 2013 and agreed to the exclusion of that time for speedy trial purposes. *See* Request for Continuance in the Article 32, UCMJ, Pretrial Investigation of Lance Corporal Carlton Wilder, *United States v. Wilder* (Jan. 13, 2013); *see also* R.C.M. 707(c).

[4] Additional Charge I and its single specification were dismissed without prejudice pursuant to the terms of the pretrial agreement (PTA).

[5] The NMCCA concluded that Appellant was placed in confinement on November 14, 2012, as a result of the original charges and that he was arraigned within 120 days of his restraint on those charges after accounting for the periods of excludable delay. *Wilder*, 2014 CCA LEXIS 571, at \*3–4, \*8–10, 2014 WL 3939963, at \*2–4. Appellant has not challenged this holding on appeal, so it is the law of the case and not before us. *See United States v. Savala*, 70 M.J. 70, 76 (C.A.A.F. 2011).

cle 10, UCMJ, and the Sixth Amendment, but later withdrew the motion pursuant to a PTA and pleaded guilty.

## II. NMCCA DECISION

On appeal, Appellant claimed that the provision in the PTA requiring him to withdraw his motion was impermissible, and he renewed his argument that his speedy trial rights under R.C.M. 707, Article 10, UCMJ, and the Sixth Amendment had been violated. The NMCCA agreed that the provision was impermissible and struck it from the agreement. *Wilder*, 2014 CCA LEXIS 571, at *7–8, 2014 WL 3939963, at *3.

With respect to Appellant's speedy trial claims, the NMCCA found them to be without merit. 2014 CCA LEXIS 571, at *9–15, 2014 WL 3939963, at *3–5. Appellant argued that the speedy trial clock on the Additional Charges, for purposes of his R.C.M. 707 claim, began to run on November 14, 2012, because the Government possessed "substantial information" about his communications with R. R. on that date. 2014 CCA LEXIS 571, at *8–9, 2014 WL 3939963, at *3.

The NMCCA disagreed, noting that the "substantial information" rule from *Johnson*, 23 C.M.A. 91, 48 C.M.R. 599, had been implicitly abrogated by the subsequent promulgation of R.C.M. 707 and this Court's decision in *United States v. Kossman*, 38 M.J. 258 (C.M.A. 1993). *Wilder*, 2014 CCA LEXIS 571, at *9, 2014 WL 3939963, at *4. Because R.C.M. 707 mandates that the speedy trial clock began to run on the date of preferral of the Additional Charges, and because less than 120 days elapsed between preferral and arraignment on the Additional Charges, his rights under R.C.M. 707 were not violated. The NMCCA also reviewed Appellant's claims of speedy trial violations under Article 10, UCMJ, and the Sixth Amendment but held that Article 10, UCMJ, did not apply to the Additional Charges and that Appellant did not suffer any prejudice under the Sixth Amendment. *Wilder*, 2014 CCA LEXIS 571, at *10–15, 2014 WL 3939963, at *4–5.

## III. DISCUSSION

"The conclusion whether an accused received a speedy trial is a legal question that is reviewed de novo...." *United States v. Leahr*, 73 M.J. 364, 367 (C.A.A.F. 2014) (alteration in original) (internal quotation marks omitted) (quoting

*United States v. Cooper*, 58 M.J. 54, 58 (C.A.A.F. 2003)). R.C.M. 707, Article 10, UCMJ, and the Sixth Amendment provide a cohesive and sometimes overlapping framework for the protection of an accused's speedy trial rights. *See United States v. Tippit*, 65 M.J. 69, 72–73 (C.A.A.F. 2007). R.C.M. 707(a) mandates that "[t]he accused shall be brought to trial within 120 days after the earlier of: (1) Preferral of charges; (2) The imposition of restraint under R.C.M. 304(a)(2)–(4); or (3) Entry on active duty under R.C.M. 204." Article 10, UCMJ, requires "reasonable diligence in bringing charges to trial" when an accused is placed "in arrest or confinement" prior to trial. *United States v. Mizgala*, 61 M.J. 122, 127 (C.A.A.F. 2005) (citation omitted) (internal quotation marks omitted). An analysis under the Sixth Amendment focuses on the date of either preferral or the imposition of restraint or confinement, *United States v. Vogan*, 35 M.J. 32, 33 (C.M.A. 1992), and analyzes an alleged violation based on the factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *United States v. Danylo*, 73 M.J. 183, 186 (C.A.A.F. 2014).

Arraignment "stops" the speedy trial clock for purposes of R.C.M. 707, *see Leahr*, 73 M.J. at 367, and trial stops the speedy trial clock for Article 10, UCMJ, *see United States v. Cooper*, 58 M.J. 54, 60 (C.A.A.F. 2003), and the Sixth Amendment, *see Danylo*, 73 M.J. at 189.[6] R.C.M. 707(b)(2) provides that "[w]hen charges are preferred at different times, accountability for each charge shall be determined from the appropriate date under subsection (a) of this rule for that charge." If an appellant is arraigned within 120 days after the earlier of, inter alia, the preferral of, or restraint based upon, a particular charge, then R.C.M. 707 is not violated. *See, e.g.*, *Leahr*, 73 M.J. at 367.

These speedy trial protections and inquiries, though overlapping in some respects, are distinct. "The fact that a prosecution meets the 120-day rule of R.C.M. 707 does not directly 'or indirectly' demonstrate that the Government moved to trial with reasonable diligence as required by Article 10." *Mizgala*, 61 M.J. at 128. Similarly, the government might move with all reasonable diligence for purposes of Article 10, UCMJ, but nonetheless violate the bright-line 120-day rule of R.C.M. 707. *See Kossman*, 38 M.J. at 261.

---

[6] The Supreme Court recently granted certiorari in a case addressing whether the Sixth Amendment's speedy trial protections extend through the sentencing phase. *See Betterman v. Montana*, 136 S. Ct. 582 (2015).

The narrow issue for decision in this case is whether, for purposes of a speedy trial violation alleged under R.C.M. 707, the time is calculated by reference to the specific triggers listed in R.C.M. 707(a) or by reference to some other standard such as the "substantial information" rule. Based on the plain language of R.C.M. 707, we do not hesitate to conclude that when analyzing a speedy trial violation under R.C.M. 707, it is the earliest of the actions listed in R.C.M. 707(a) with respect to a particular charge that starts the speedy trial clock for that charge. R.C.M. 707, promulgated in 1984, was a new and different layer of protection against speedy trial violations, *see Kossman*, 38 M.J. at 260, and for violations alleged under its rubric, its plain language controls. *See United States v. Ruffin*, 48 M.J. 211, 213 (C.A.A.F. 1998); *United States v. Thompson*, 46 M.J. 472, 475 (C.A.A.F. 1997).

There was no R.C.M. 707 violation in this case. With respect to the Additional Charges, because Appellant was not confined based on them, *see supra* note 5, the trigger dates from which to measure an alleged violation of R.C.M. 707 for the Additional Charges in this case are the dates of preferral. At most, 111 days passed between preferral and arraignment on Additional Charges I and II, and nineteen days between preferral and arraignment on Additional Charge III.

## IV. JUDGMENT

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.