# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
HAIGHT, PENLAND and WOLFE
Appellate Military Judges

**UNITED STATES, Appellant**
**v.**
**Private First Class MARQUIS B. HAWKINS**
**United States Army, Appellee**

ARMY MISC 20150833

Headquarters, Fort Stewart
John Irgens, Military Judge
Lieutenant Colonel Brian J. Chapuran, Staff Judge Advocate

For Appellee:  Lieutenant Colonel Jonathan F. Potter, JA; Major Andres Vazquez, Jr., JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellant:  Colonel Mark H. Sydenham, JA; Captain Jihan Walker, JA; Captain Carling M. Dunham, JA (on brief).

18 March 2016

---------------------------------------------------------------------
OPINION OF THE COURT AND ACTION ON APPEAL
BY THE UNITED STATES FILED PURSUANT TO
ARTICLE 62, UNIFORM CODE OF MILITARY JUSTICE
---------------------------------------------------------------------

WOLFE, Judge:

Appellee is charged at a general court-martial with a single specification of sexual assault, in violation of Article 120(b)(2), Uniform Code of Military Justice, 10 U.S.C. § 920(b)(2) [hereinafter UCMJ].  On 14 December 2015, the military judge dismissed with prejudice the charge and its specification based on a violation of appellee's right to speedy trial under Rule for Courts-Martial [hereinafter R.C.M.] 707.  The government, pursuant to R.C.M. 908 and Article 62, UCMJ, appeals the decision of the military judge.

**BACKGROUND**

The military judge made findings of fact regarding the chronology of the case. The findings of fact are not erroneous and, at least with regards to the chronology of the case, are not disputed by either party.

Charges were preferred on 19 May 2015. Appellee has not been in pretrial confinement. According to the chronology of the military judge, after accounting for excluded time for the defense to prepare for the preliminary hearing, the charge was referred to trial 116 days after preferral, on 6 October 2015. The government requested that appellee be arraigned on either 8 or 9 October 2015 (i.e., day 118 or 119). The defense did not object to arraigning appellee within the five day statutory waiting period required by Article 35, UCMJ.[1] Appellee was arraigned on 13 October 2015 (i.e., day 123). At arraignment, the parties jointly requested to amend their docket request to schedule the trial for 19-21 January 2016. On 7 December 2015, the defense filed a motion to dismiss, alleging the government had violated R.C.M. 707. On 14 December 2015, the military judge granted the defense's motion and dismissed the charge with prejudice.

The military judge's findings of fact do not address why appellee was not arraigned before the 120th day as requested by the government.

*Violation of Speedy Trial Under R.C.M. 707*

The sole issue necessary for deciding this interlocutory appeal is whether the military judge erred when he included the days between his receipt of the referred charges and arraignment in determining that the government had violated the 120-day rule in R.C.M. 707. Had appellee been arraigned on either of the days requested by the government (or even one day later), there would have been no violation of R.C.M. 707.

In an appeal under Article 62, UCMJ, of a military judge's R.C.M. 707 ruling, our review is for an abuse of discretion. *See United States v. Dooley,* 61 M.J. 258, 262 (C.A.A.F. 2005). "The abuse of discretion standard calls for more than a mere difference of opinion." *United States v. Wicks,* 73 M.J. 93, 98 (C.A.A.F. 2014) (citation omitted) (internal quotation marks omitted). Instead, an abuse of discretion occurs "when [the military judge's] findings of fact are clearly erroneous, the court's decision is influenced by an erroneous view of the law, or the military judge's decision on the issue at hand is outside the range of choices reasonably arising from the applicable facts and the law." *United States v. Miller,* 66 M.J. 306, 307 (C.A.A.F. 2008); *United States v. Stellato*, 74 M.J. 473, 480 (C.A.A.F. 2015).

---

[1] *See United States v. Lazauskas,* 62 M.J. 39, 42 (C.A.A.F. 2005) (statutory waiting period may be waived and may be excluded if not waived).

Rule for Courts-Martial 707(a)(1) requires that an accused be brought to trial within 120 days of the preferral of charges.  After referral, only the military judge may exclude time from consideration.  R.C.M. 707(c)(1).

The Army Rules of Court governing the docketing of cases state, "[a]ny period of delay from the judge's receipt of the referred charges until arraignment is considered pretrial delay approved by the judge per RCM 707(c), unless the judge specifies to the contrary."  *Rules of Practice Before Army Courts-Martial*, R. 1.1 (1 November 2013) [hereinafter Rules of Court].[2]  We have previously found Rule of Court 1.1 is not inconsistent with R.C.M. 707(c)(1).  *United States v. Torres*, ARMY 20111168, 2014 CCA LEXIS 180 at *11-12 (Army Ct. Crim. App. 19 Mar. 2014) (mem. op.).

On the record, the military judge explained his reasoning for not excluding the period between receipt of the referred charges and arraignment as follows: a) the government did not request any judicial delay at the time of arraignment; and b) that "the court will not retroactively grant a delay."

## DISCUSSION

### A. Erroneous View of the Law

The military judge's ruling inverted Rule 1.1 of the Rules of Court.  The trial counsel did not err by not requesting judicial delay.  Judicial delay was "approved" unless the military judge specified otherwise.   Excluding the time between referral and arraignment would not have been "retroactive."  Rather, two months after arraignment, it was the military judge who retroactively overruled the excludable delay contained in the Rules of Court.  That is, the military judge gave legal significance to the fact that the trial counsel had not requested judicial delay at the time of arraignment—when there was no requirement to do so.  Accordingly, the

---

[2] The preamble to the rules of court state that the rules are promulgated under R.C.M. 108 and 801(b) and are binding upon all judges and counsel and are intended to "promote an orderly, expeditious, and just disposition of court-martial cases . . . ."  We find that Rule 1.1 creates a default rule of excludable delay in order to avoid uneccessary litigation and is made with the understanding that after referral, the government no longer has control over when an accused is brought to trial.  *See United States v. Shavrnoch*, 49 M.J. 334, 338 n.2 (C.A.A.F. 1998) ("giving significant deference to the Courts of Criminal Appeals in the interpretation of the regulations issued by their own departments."); *United States v. Moultak*, 24 M.J. 316, 318 (C.M.A. 1987).

military judge's decision was based on an "erroneous view of the law."[3] *Stellato*, 74 M.J. at 480.

### B. *Outside the Range of Choices Reasonably Arising from the Applicable Facts and Law*

Other than reference to the trial counsel not specifically requesting judicial delay, the military judge gave no other explanation as to why he decided not to exclude the time between referral and arraignment per the Rules of Court. Evidence in the record, and to which both parties refer on appeal, indicates that the accused was not arraigned as requested on day 118 or 119 only because the military judge was unavailable as he was on leave.[4] The military judge did not cite any misconduct, obfuscation, or intentional delay by the trial counsel. Our own review of the record similarly finds none. Absent some explanation, the decision of the military judge to count the time between his receipt of the referred charges and arraignment for purposes of R.C.M. 707—time which was completely under the control of the trial judiciary—was arbitrary and an abuse of discretion.[5] After referral, the government has little control over when the accused is to be arraigned. *See* R.C.M. 801(a) ("the military judge is the presiding officer in a court-martial"); RCM 901(a) ("A court-martial is in session when the military judge so declares."); Article 40, UCMJ (military judge may grant continuances). That is, the decision of the military judge, to include the time between receipt of the referred charges and arraignment—apparently caused by the military judge's scheduled leave—"was outside the range of choices reasonably arising from the applicable facts and the law." *Stellato*, 74 M.J. at 480 (internal quotation marks and citation omitted).

---

[3] Of course, the military judge could decide not to exclude the time between referral and arraignment as judicial delay. However, in this case the decision of the military judge was based on a misunderstanding of the Rules of Court.

[4] Included in the appellate exhibits authenticated by the military judge is an email from the judge's clerk sent on 7 October 2015 in response to the government's 6 October request for arraignment on 8 or 9 October. The email stated that the military judge was on leave and was unable to arraign appellee until 13 October 2015. After confirming both parties' availability, the court clerk scheduled the arraignment for 13 October 2015.

[5] Put differently, a military judge has wide discretion when docketing a case for trial. However, absent unusual circumstances, the exercise of such discretion in setting an arraignment date cannot be the sole basis for causing a violation of speedy trial under R.C.M. 707. Were it otherwise, the government would not actually have 120 days to bring an accused to trial, but instead would have 120 days minus however many days the military judge decided to take to arraign the case.

Accordingly, the military judge's finding of a violation of R.C.M. 707 is set aside. As we find no violation of R.C.M. 707, we need not address whether the military judge abused his discretion in dismissing the specification and charge with prejudice as an appropriate remedy.[6]

**CONCLUSION**

The appeal of the United States pursuant to Article 62, UCMJ, is granted. The ruling of the military judge to dismiss the charge and its specification is vacated and the record will be returned to the military judge for action not inconsistent with this opinion.

Senior Judge HAIGHT and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[6] In dismissing with prejudice, the only fact specifically cited by the military judge was that appellee had been "flagged" since 2 September 2014. A "flag" is the suspension of favorable personnel actions. *See* Army Reg. 600-8-2, Suspension of Favorable Personnel Actions (Flag) (23 Oct. 2012).