# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant TIMOTHY D. WORLDS**
**United States Army, Appellant**

ARMY 20150134

Headquarters, U.S. Army Alaska
Samuel A. Schubert, Military Judge
Colonel Erik L. Christiansen, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Joshua G. Grubaugh, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

22 September 2017

----------------------------------
MEMORANDUM OPINION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FEBBO, Judge:

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises three assignments of error, two of which merit a brief discussion, none merit relief.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of aggravated assault and five specifications of assault consummated by battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-three months, and reduction to E-1. The military judge awarded appellant 400 days of pretrial

confinement credit.[1]  The convening authority approved the adjudged sentence and appellant's 400 days of pretrial confinement.

## BACKGROUND

On 1 August 2014, appellant was placed into pretrial confinement.  On 18 August 2014, appellant was charged with multiple offenses to include assaulting his spouse and assaulting a non-commissioned officer.  After the initial preliminary hearing officer was replaced due to a re-assignment, the Article 32(b) hearing was scheduled for 15 September 2014.  The government requested a delay of the hearing until 18 September and the defense requested a delay until 23 September 2014.

On 22 September 2014, based on appellant's diagnosis of Graves Disease, the special court-martial convening authority (SPCMCA) ordered an inquiry into the mental capacity and mental responsibility of the accused (sanity board) pursuant to Rule for Courts-Martial [hereinafter R.C.M.] 706.[2]  The SPCMCA ordered the sanity board to be completed as soon as possible but no later than 24 November 2014.  Appellant ultimately waived the Article 32(b) hearing on 29 September 2014.

On 26 November 2014, the findings of the sanity board were completed and released.  Prior to the release of those findings, appellant's defense counsel submitted four requests for speedy trial and asked for the case to be referred prior to the conclusion of the sanity board.

On 9 December 2014, appellant's case was referred to a general court-martial.  On 11 December 2014, the trial court received the referred charges.  On 15 December 2014, appellant filed a motion to dismiss the charges and specifications with prejudice "pursuant to Article 10, Uniform Code of Military Justice . . . for violation of the speedy trial requirements of R.C.M. 707(c)(2) and the Sixth Amendment to the United States Constitution."  On 17 December 2014, the SPCMCA signed a Memorandum for Record (MFR) explicitly approving the pretrial

---

[1] In addition to appellant's 145 days of pretrial confinement, the parties stipulated to an additional 255 days of Article 13, UCMJ confinement credit for appellant's conditions while in a civilian confinement facility.

[2] We note that the SPCMCA's memorandum requesting the sanity board only listed appellant's Graves Disease as a basis for the mental inquiry.  In the stipulated chronology, the parties include Traumatic Brain Injury and Post Traumatic Stress Disorder, along with Graves Disease as prompting the government request for the mental inquiry.  Graves Disease is an autoimmune disease that, the parties stipulated, can result in "uncontrollable mood swings."

delay for the time it took to conduct the sanity board. On 23 December 2014, appellant was arraigned and the military judge released him from pretrial confinement.

The military judge scheduled trial to begin 20 January 2015. Appellant's defense counsel requested a continuance until 11 February 2015. The government did not oppose the request and the military judge granted the defense request for a continuance. The chronology below was stipulated to by the parties. After reviewing the record, we likewise adopt this chronology; however we find that the speedy trial clock stopped on 11 December 2014.[3]

| Date | Action | Day # |
|------|--------|-------|
| 01-Aug-14 | Accused ordered into pretrial confinement | 0 |
| 02-Aug-14 | **Speedy trial clock begins** | **1** |
| 18-Aug-14 | Preferral of charges | 17 |
| 22-Sep-14 | R.C.M. 706 Board appointed at Government request | 56 |
| 26-Nov-14 | R.C.M. 706 Board findings released | 117 |
| 29-Nov-14 | **Speedy trial clock @ Day 120 without excluding delay** | **120** |
| 09-Dec-14 | Referral of case to General Court-Martial | 130 |
| 11-Dec-14 | Military Judge receives referred charges | 132 |
| 15-Dec-14 | Defense motion to dismiss (Art. 10 and R.C.M. 707) | 136 |
| 17-Dec-14 | SPCMCA approves delay for R.C.M. 706 board | 138 |
| 23-Dec-14 | Appellant arraigned | 144 |
| 23-Dec-14 | **Speedy trial clock stops** | **144** |

## LAW AND DISCUSSION

### A. Speedy Trial

"The conclusion whether an accused received a speedy trial is a legal question that is reviewed de novo . . . ." *United States v. Wilder,* 75 M.J. 135, 138 (C.A.A.F. 2015)(quoting *United States v. Leahr*, 73 M.J. 364, 367 (C.A.A.F. 2014)). The military judge's ruling on a R.C.M. 707 speedy trial motion is reviewed under an

---

[3] The trial court received the referred charges on 11 December 2014. For speedy trial purposes, once the trial court receives the referred charges from the convening authority, the trial court is responsible for time between receipt of the referred charges and arraignment. *United States v. Hawkins*, 75 M.J. 640 (Army Ct. Crim. App. 2016).

abuse of discretion standard. *United States v. Lazauskas*, 62 M.J. 39, 41-42 (C.A.A.F. 2005) (citing R.C.M. 707 (c)). This court is "bound by the facts as found by the military judge unless those facts are clearly erroneous." *United States v. Cooley*, 75 M.J. 247, 259 (C.A.A.F. 2016) (quoting *United States v. Cossio*, 64 M.J. 254, 256 (C.A.A.F. 2007)).

Appellant avers the government violated his right to a speedy trial by taking 131 days to refer his case to trial and an additional 14 days for arraignment. Appellant posits that the 65 days it took to complete the sanity board was not properly excluded by either the SPCMCA or the military judge. At trial and on appeal, appellant emphasizes that he did not request the sanity board, did not agree to any excludable delay for the sanity board, and sent four speedy trial requests to the government. Appellant also requested that the convening authority refer appellant's charges and specifications prior to completion of the sanity board.

The military judge adopted the parties stipulated chronology as outlined above. Since the parties stipulated to the chronology and facts, the military judge's use of the chronology in forming his factual findings was not clearly erroneous. After reviewing the record, this court also adopts the stipulated chronology; however as discussed previously, we find that the speedy trial clock stopped on 11 December 2014.

As a starting point, R.C.M. 707(c) allows for the exclusion of pretrial delay when approved by a military judge or convening authority. Further, the decision to grant or deny such a delay is left to the sole discretion of the person authorized to grant it. Enumerated in the discussion as a reason to grant a delay includes "time to allow examination into the mental capacity of the accused." R.C.M. 707(c) discussion. That is exactly what happened in this case. The SPCMCA ordered an inquiry into the mental capacity of the accused on 22 September 2014. Being fully cognizant of the importance of time, he deliberately wrote "[t]ime is of the essence," and ordered the completion of the board "as soon as possible... no later than 24 November 2014." The completion of the sanity board necessarily required pretrial delay, a delay granted by the very convening authority authorized to grant excludable delay. It is axiomatic this delay is excludable.

Appellant contends that the SPCMCA improperly excluded the 65 days for the sanity board *after* referral. Appellant points to the SPCMCA's 17 December 2014 MFR as proof that the 65 days pretrial delay for the sanity board was improperly authorized after referral. It matters not on what date the MFR was written, or that it was written at all. The SPCMCA was authorized to both order a sanity board and grant excludable delay for that purpose. It is evident that is what he did. The MFR

4

simply reduced to writing, to clarify for the record and motions hearing, the aforementioned facts.

Appellant contends the military judge also erred in his ruling by not himself excluding the 65 days pretrial for the sanity board, which he was authorized to do. In the military judge's written ruling, he did not specifically exclude the 65 days it took to complete the sanity board. Instead, the military judge concluded that although the more than two months was not "optimum," the government acted reasonably in waiting between 22 September 2014 and 26 November 2014 for completion of the R.C.M. 706 sanity board. Overall, in analyzing pretrial delay prior to arraignment, the military judge found that the government acted reasonably between 1 August 2014 and 11 December 2014 when the court received the referred charges. After receiving the charges on 11 December 2014 and considering the transportation of appellant from the Joint Base Lewis-McChord Joint Confinement Facility to Alaska, the military judge found that appellant's arraignment was timely and denied appellant's motion to dismiss for violating speedy trial.

In reviewing the record, we also conclude that appellant was not denied his right to a speedy trial. The delay for completion of the sanity board was reasonable and is an authorized reason for a delay under R.C.M. 707. *United States v. Denner*, 24 M.J. 731 (Army Ct. Crim. App. 1987) (time limits "could have a tendency to limit proper mental examinations of patients who have been charged with offenses.") Therefore, we find 65 days of pretrial delay is excludable for completion of the sanity board. The court also finds 7 days of pretrial delay is excludable for the defense request to delay the Article 32(b) hearing (between 15 September 2014 and the SPCMCA's 22 September 2014 sanity board request). After excluding 65 days for the sanity board process and the 7 days pretrial delay for the Article 32(b) hearing, this court finds it took 60 days for the government to bring appellant to trial.[4] We also note that after arraignment, appellant requested a continuance of the trial date. Appellant was not denied his right to speedy trial.

### B. Dilatory Post-Trial Processing

Appellant asserts there was dilatory post-trial processing of appellant's case. Since appellant did not request any delays to submit R.C.M. 1105 matters, the entire 330 days between trial and the convening authority action is attributable to the government. The record in this case consists of ten volumes, and the trial transcript

---

[4] There were a total of 132 days between 2 August 2014 and 11 December 2014 (less 65 days excludable delay for the sanity board results and 7 days of defense delay for the Article 32(b) hearing).

is 781 pages. The government took 76 days to transcribe the record of trial and to serve the record for authentication.

Although we find no due process violation in the post-trial processing of appellant's case, we must still review the appropriateness of the sentence in light of the post-trial processing. UCMJ art. 66(c); *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002) ("[Pursuant to Article 66(c), UCMJ, service courts are] required to determine what findings and sentence 'should be approved,' based on all the facts and circumstances reflected in the record, including the unexplained and unreasonable post-trial delay."). *See generally United States v. Toohey*, 63 M.J. 353, 362-63 (C.A.A.F. 2006); *United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

Considering the seriousness of the charges for which he was found guilty, appellant's sentence is appropriate. Furthermore, during the 120 days between appellant being served the authenticated record of trial and Staff Judge Advocate Recommendation (SJAR) and appellant's submission of R.C.M. 1105 matters, appellant did not request speedy post-trial processing. Based on all the facts and circumstances reflected in the record of trial, to include appellant's choice to take 120 days to submit R.C.M. 1105 matters, we do not find the post-trial processing of appellant's case renders the approved sentence inappropriate. Thus, we find relief is not appropriate under the facts of this case.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court