# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38875**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Corey J. CAMPBELL**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 February 2017

————————————

*Military Judge:* Shaun S. Speranza (sitting alone).

*Approved sentence:* Dishonorable discharge, confinement for 55 months, and reduction to E-1. Sentence adjudged 21 May 2015 by GCM convened at Wright-Patterson Air Force Base, Ohio.

*For Appellant:* Major Thomas A. Smith, USAF; James Trieschmann, Esquire.

*For Appellee:* Major J. Ronald Steelman III, USAF; Captain Sean J. Sullivan, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges*.

Chief Judge DREW delivered the opinion of the Court, in which Senior Judge J. BROWN and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DREW, Chief Judge:

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of one specification of sexual assault by causing bodily harm in violation of Article 120(b)(1)(B), Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 920(b)(1)(B) (2012); two specifications of abusive sexual contact by causing bodily harm in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012);[1] one specification of adultery, in violation of Article 134, UCMJ, 10 U.S.C. § 934; and one specification of wrongfully providing alcohol to a minor, also in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced Appellant to a dishonorable discharge, confinement for 55 months,[2] forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority deferred the reduction in grade and the adjudged and mandatory forfeitures in favor of Appellant's dependents until action, at which time he disapproved the adjudged forfeitures, but otherwise approved the adjudged sentence.

Before us, Appellant asserts that: (1) the military judge improperly considered charged offenses for propensity to commit other charged offenses pursuant to Military Rule of Evidence (Mil. Rule Evid.) 413; (2) his trial defense counsel were ineffective in the case-in-chief, during the sentencing phase,[3] and during clemency;[4] and (3) his conviction for providing alcohol to a minor was factually insufficient as to the terminal element of Article 134. We find no prejudicial error and affirm.

## I. BACKGROUND

In the summer of 2014, Appellant went to a Cincinnati night club with a group of his wife's family and friends. The group included Appellant's wife; his wife's 17-year old sister, MH; and MH's 17-year-old female friend, AM. Both MH and AM attend high school. Although Appellant wandered around the club buying drinks and talking to people, at various times he sat at a table with his wife and AM. Several times during the evening, Appellant purchased alcoholic drinks for his wife and AM, which they both consumed. While Appellant's wife was over the legal alcohol drinking age of 21, AM was not.

---

[1] The military judge acquitted Appellant of three additional specifications of abusive sexual contact, in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2012).

[2] The military judge awarded Appellant with 31 days of credit for lawful civilian pretrial confinement, in accordance with *United States v. Allen*, 17 M.J. 126 (C.M.A. 1984). *See United States v. Murray*, 43 M.J. 507, 513–15 (A.F. Ct. Crim. App. 1995).

[3] Appellant raises ineffective assistance of counsel during the sentencing phase pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] Appellant raises ineffective assistance of counsel during clemency pursuant to *Grostefon*, 12 M.J. 431.

During the evening, Appellant made various flirtatious comments to AM, including "you look so good tonight" and "you're so sexy." Every so often, Appellant, intending to gratify his sexual desire, rubbed AM's outer and inner thigh with his hand, moving his hand upward past the hem of her dress, all without AM's consent. Each time AM told Appellant to stop and he would initially comply, but would later persist. As the group was leaving the club, Appellant came up from behind AM and through her clothing grabbed her buttocks with his hand without her consent.

On 24 October 2014, Appellant attended a Halloween costume party at a private residence with his wife. His wife came dressed as a piñata and Appellant dressed in Mexican attire and carried a "piñata stick." Appellant's sister-in-law, MH, also attended with another female high school friend, KC. During the evening Appellant repeatedly poked MH and KC in the buttocks with the piñata stick in a flirtatious manner.

Throughout the evening and into the early morning hours of 25 October, MH and KC consumed a number of alcoholic drinks, to the point that they both began experiencing some level of intoxication. MH in particular was feeling dizzy, having difficulty walking, and was feeling nauseous. First KC, then later MH, went into a spare bedroom to "sleep it off." Shortly after MH went into the bedroom where KC was, Appellant's wife left the residence with some others to get some food. Meanwhile Appellant entered the darkened room where KC and MH were on a mattress in the corner. KC was not quite asleep, but was lying on her side away from MH and remained still. MH was on her back asleep or unconscious due to alcohol consumption. Appellant got on top of MH's body and said "is this okay?" but MH, who was in and out of consciousness, did not respond. MH awoke to find Appellant's penis inside her vagina. Appellant engaged in sexual intercourse until he ejaculated. Once he got up off of MH, KC jumped up and started yelling "you just raped her!" and pushed Appellant out of the room.

Appellant ran out of the room and down the stairs to the basement. He turned around and went back up the stairs to the main floor, where he saw the owner of the house, a friend of his. Appellant, in an excited state, asked his friend if he had seen him come up the stairs. His friend responded, "Yeah, I just saw you come upstairs." Appellant replied, "Well, I didn't do—I didn't do anything. You just saw me come upstairs." A short time later, Appellant's wife returned from the food run. Around the same time, Appellant got into his van and left at a high rate of speed.

## II. DISCUSSION

### A. Use of Charged Offenses as Propensity to Commit Other Charged Offenses Pursuant to Mil. R. Evid. 413

At trial, the Defense moved to exclude the Government's Mil. R. Evid. 413 evidence.[5] The military judge analyzed all of the proffered evidence, including employing the Mil. R. Evid. 403 balancing test, and ultimately ruled that the following evidence was admissible under the bases noted:

1. On or about 24–25 October 2014, Appellant repeatedly struck or poked the buttocks of KC and MH with a stick (Mil. R. Evid. 401, 402, 404(b), 413).

2. Between on or about 1 August 2014 and 20 October 2014, Appellant touched MH's breast through her clothing, without her consent (charged sex offense[6] and Mil. R. Evid. 401, 402, 413).

3. Between on or about 24 October 2014 and 25 October 2014, Appellant penetrated MH's vulva with his penis, without her consent (charged sex offense and Mil. R. Evid. 401, 402, 413).

4. Between on or about 1 July 2014 and 30 August 2014, Appellant touched AM's buttocks through her clothing with his hand, without her consent (charged sex offense and Mil. R. Evid. 401, 402, 413).

Appellant now focuses his attack, contending that the military judge only erred in considering the charged sex offense evidence (items 2–4 above) as Mil. R. Evid. 413 propensity evidence. We review a military judge's decision to admit evidence for an abuse of discretion. *United States v. Solomon*, 72 M.J. 176, 179 (C.A.A.F. 2013). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010).

There are three threshold requirements for admitting evidence of similar offenses in sexual offense cases under Mil R. Evid. 413: (1) the accused must

---

[5] Prior to trial, the Government provided timely notice that it intended to offer evidence of similar crimes committed by Appellant in a sexual offense case pursuant to Mil. R. Evid. 413. The Government provided separate timely notice of its intent to also introduce evidence of other crimes, wrongs, or acts pursuant to Mil. R. Evid. 404(b). The Defense's motion sought to exclude both the Mil. R. Evid. 413 and 404(b) evidence. As Appellant does not now contest the military judge's Mil. R. Evid. 404(b) ruling (and we find that the military judge ruled correctly), we limit our discussion to the Mil. R. Evid. 413 matters.

[6] The military judge acquitted Appellant of this offense.

be charged with a sexual offense, as defined by the rule; (2) the proffered evidence must be evidence of the accused's commission of another sexual offense; and (3) the evidence must be relevant under Mil R. Evid. 401 and 402. *United States v. Wright*, 53 M.J. 476, 482 (C.A.A.F. 2000). The military judge made detailed finding of facts during his ruling on the propensity evidence, outlining the evidence presented on each specification. He ultimately found by a preponderance of the evidence that, for purpose of the motion only, the offenses occurred. He also conducted a detailed Mil. R. Evid. 403 balancing test prior to admitting the evidence as required under *United States v. Berry*, 61 M.J. 91 (C.A.A.F. 2005). In making his ruling, the military judge clearly articulated that, as he was to be the finder of fact, his ruling was with regard to the Mil. R. Evid. 413 motion only. Specifically, he put on the record that as the fact-finder he would be evaluating the evidence on the merits, including the witness testimony, as it was presented. Additionally, he affirmatively stated that the Government would be required to prove each of the charged offenses beyond a reasonable doubt.

In *United States v. Hills*, the Court of Appeals for the Armed Forces held that it was error to admit evidence of other charged offenses for the purpose of proving propensity under Mil R. Evid. 413:

> We hold that because the evidence of the charged sexual misconduct was already admissible in order to prove the offenses at issue, the application of [Mil. R. Evid.] 413—a rule of admissibility for evidence that would otherwise not be admissible—was error. Neither the text of [Mil. R. Evid.] 413 nor the legislative history of its federal counterpart suggests that the rule was intended to permit the government to show propensity by relying on the very acts the government needs to prove beyond a reasonable doubt in the same case.

*United States v. Hills*, 75 M.J. 350, 352 (C.A.A.F. 2016).

The facts in *Hills* were somewhat different from this case, as *Hills* addressed a single victim with multiple charged offenses all occurring at essentially the same time and place. Here, Appellant was charged with offenses against three different women at a variety of times, although some of the offenses occurred during the same general incident. The most significant distinguishing factor between this case and *Hills*, is that *Hills* was a members' case and the evidentiary error in applying Mil. R. Evid. 413 to other charged offenses was compounded by a constitutional instructional error that undermined the presumption of innocence and created a tangible risk that the appellant in *Hills* was convicted based on evidence that did not establish his guilt beyond a reasonable doubt.

Regarding the assessment of prejudice, Appellant asserts that the military judge's error must be examined under the more stringent standard of harmless beyond a reasonable doubt, arguing that *Hills* holds that it is constitutional error for a finder of fact to consider evidence of charged misconduct for propensity purposes. "We disagree, and instead apply Article 59(a), UCMJ, 10 U.S.C. § 859(a), when a military judge sitting alone errs by considering charged offenses as propensity evidence." *United States v. Lightsey*, No. ACM 38851, 2017 CCA LEXIS 17, at *12 (A.F. Ct. Crim. App. 10 Jan. 2017) (unpub. op.).

In so holding, we note military judges are presumed to know the law and to follow it, absent clear evidence to the contrary. *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). This presumption includes the ability to maintain the presumption of innocence and to apply the appropriate burden of proof in assessing Appellant's guilt—issues "seriously muddled and compromised" by the instructions provided to court members in *Hills*, 75 M.J. at 357. While we recognize the military judge committed evidentiary error by considering charged offenses for propensity, we cannot extend this error to encompass the constitutional concerns present in *Hills*. On the contrary, the military judge clearly indicated that he would apply the proper presumption of innocence and burden of proof.

Mil. R. Evid. 413(c) states that the "rule does not limit the admission or consideration of evidence under any other rule." There is no question that the evidence of the three charged offenses was relevant, material, and admissible under Mil. R. Evid. 401 and 402 as to each particular offense, even if it was not admissible under Mil. R. Evid. 413 as to other offenses. The propensity evidence played very little part in the Government's case or argument. The senior trial counsel did make a brief mention in passing that Appellant "prior to this assault, demonstrated over a period of months, a desire, a willingness, and a brazen capacity to fondle teenage girls without their consent." This line of argument, while not particularly persuasive, does assert propensity. Much more persuasive was the Government's direct evidence of Appellant's acts, including the testimony of the victims and eye witnesses.

The evidence in this case was strong and Appellant did not dispute much of it during his trial, including the critical fact that he had sexual intercourse with his sister-in-law following a night of heavy drinking. Where the evidence was less strong, specifically concerning Appellant's intent for three of the alleged sexual contact offenses, the military judge determined that the Government did not overcome the presumption of innocence and acquitted him. Our review of the record convinces us that the propensity evidence was of marginal value and it did not have a substantial influence on the military judge's findings.

**B. Effective Assistance of Trial Defense Counsel**

Appellant contends his trial defense counsel were ineffective for a variety of reasons. We address only the matter fully briefed by Appellant's counsel below. With regard to the claims raised by Appellant but not addressed in this opinion, we have considered and summarily reject the remaining issues as these complaints require no additional analysis and warrant no relief.[7] *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

We review claims of ineffective assistance of counsel de novo, applying the two-part test outlined by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007). Under that test, "in order to prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361 (C.A.A.F. 2010).

The deficiency prong requires Appellant to show his counsel's performance fell below an objective standard of reasonableness, according to the prevailing standards of the profession. *Strickland*, 466 U.S. at 688. To determine whether the presumption of competence has been overcome as alleged by an appellant, we examine whether there is a reasonable explanation for counsel's actions and whether defense counsel's level of advocacy fell measurably below the performance ordinarily expected of fallible lawyers. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011).

The prejudice prong requires Appellant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In doing so, Appellant "must surmount a very high hurdle." *United States v. Moulton*, 47 M.J. 227, 229 (C.A.A.F. 1997) (citing *Strickland*, 466 U.S. at 689). This is because counsel is presumed competent in the performance of his or her representational duties. *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001). Thus, judicial scrutiny of a defense counsel's performance must be "highly deferential and should not be colored by the distorting effects of hindsight."

---

[7] Pursuant to *Grostefon*, Appellant claims his trial defense counsel failed to obtain Article 13, UCMJ, 10 U.S.C. § 813, credit for his confinement at the behest of civilian authorities, failed to call pre-sentencing witnesses requested by Appellant, and failed to submit clemency statements from those witnesses. We have reviewed the declarations of both trial defense counsel, evaluated the lack of merit for Article 13 relief, and noted that Appellant received all of the clemency he requested from the convening authority. We find Appellant has failed to meet his burden of demonstrating deficient performance by his trial defense counsel that resulted in prejudice.

*United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (citing *Moulton*, 47 M.J. at 229).

The essence of Appellant's claim that his counsel were ineffective in the case-in-chief was that they failed to file a motion to dismiss Charges I and II for a violation of his Rule for Court-Martial (R.C.M.) 707 right to a speedy trial. R.C.M. 707 generally requires the Government to arraign an accused within 120 days after the preferral of charges. However, R.C.M. 707(c) excludes all pretrial delays approved by the military judge or convening authority from the calculation of the 120-day requirement. "The decision to grant or deny a reasonable delay is a matter within the sole discretion of the convening authority or a military judge. The decision should be based on the facts and circumstances then and there existing." R.C.M. 707(c), Discussion. "Pretrial delays should not be granted ex parte, and when practicable, the decision granting the delay, together with supporting reasons and the dates covering the delay, should be reduced to writing." *Id.* In reviewing a convening authority's or military judge's decision to exclude time from the R.C.M. 707 calculation, "the issue is not which party is responsible for the delay but whether the decision of the officer granting the delay was an abuse of discretion." *United States v. Lazauskas*, 62 M.J. 39, 41–42 (C.A.A.F. 2005).

Charges I and II were preferred on 15 December 2014. Appellant was arraigned on these charges on 18 May 2015, 154 days later. However, the special court-martial convening authority—in setting the date for the Article 32, UCMJ, 10 U.S.C. § 832, preliminary hearing—excluded 11 days due to defense counsel unavailability for the preliminary hearing and the Air Force Chief Trial Judge—in docketing the case for trial—excluded an additional 41 days due to the Defense not being available when the Government was ready to proceed to trial. Thus, Appellant was brought to trial within 102 accountable days and trial defense counsel were not ineffective for failing to make what would have been an unsuccessful motion to dismiss under R.C.M. 707.

## C. Factual Sufficiency

We review an issue of factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). Our assessment of factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [this court is] convinced of [Appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.A.A.F. 1987); *see also United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make

[our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

Appellant asserts that the evidence was factually insufficient to prove the terminal element for the Article 134 offense of providing alcohol to a minor under the age of 21, specifically being of a nature to bring discredit upon the armed forces. However, at trial he took a different tack, conceding the sufficiency of the Government's evidence for this offense and limiting his challenges to the more serious offenses. At the end of his closing argument, civilian trial defense counsel summed it up thusly: "I'm the first to concede that there have been offenses charged here which most likely have been proved. We have an alcohol offense. . . ." Neither Government counsel directly discussed the terminal element. However, in both opening statement and closing argument, the Government tied Appellant's providing alcohol to a minor to facilitating his abusive sexual contact upon the bare thigh of the same minor.

Given that it was a judge-alone trial, it is not terribly surprising that the trial advocates did not dwell on the technicalities of an offense that was persuasively supported by the findings evidence. Providing alcohol to a 17-year-old high school girl in conjunction with committing an abusive sexual contact upon her body in a public place is of a nature to bring discredit upon the armed forces. Taking a fresh, impartial look, and after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, we are convinced that the Government proved each element of the providing alcohol to a minor offense and established Appellant's guilt beyond a reasonable doubt.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred.[8] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[8] We note that while the charge sheet correctly states the statutory language, the general court-martial order (CMO) incorrectly states the providing alcohol to a minor specification as ". . . such conduct being of a nature to bring discredit upon the armed *services*" (emphasis added). We direct the convening authority to issue a corrected CMO.

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court